Fee Paid

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

FILED
CLERK U.S. DISTRICT COURT
JUN 18 2015
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | | |
|---|---|---|
| Roth<br>*Plaintiff*<br>v.<br>Wiederhorn<br>*Defendant* | ) ) ) ) ) | 2:15-mc-00211-UA<br>Civil Action No. 3:14-cv-01391-SB |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* 06/08/2015.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 06/11/2015

MARY L. MORAN
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT DISTRICT OF OREGON

**Thomas R. Johnson**
OSB No. 010645
TRJohnson@perkinscoie.com
**Alletta S. Brenner**
OSB No. 142844
ABrenner@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Of Attorneys for Stephen A. Roth

Certified to be a true and correct copy of original filed in this District.
Dated JUN 11 2015
Mary L. Moran, Clerk of Court
US District Court of Oregon
By Deputy Clerk M. [signature]
Pages 1 Through 6

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **STEPHEN A. ROTH**, an individual,<br>Plaintiff,<br>v.<br>**ANDREW A. WIEDERHORN**, an individual,<br>Defendant. | No. 3:14-cv-01391-~~HU~~ SB<br><br>**CONSENT JUDGMENT** |

This matter having come before this Court by consent of both parties, and the terms being consented to by all parties, it is hereby:

**ORDERED AND ADJUDGED** that Defendant Andrew A. Wiederhorn, an individual, is liable to Plaintiff, Stephen A. Roth, in the amount of eight hundred thirty six thousand, four hundred and seventy four dollars and ninety two cents ($836,474.92), plus any amount owing or minus any payment made under the terms of the Settlement Agreement (attached as Exhibit A), as well as any post-judgment interest as allowed by law.

Plaintiff shall be entitled to immediate execution of this Consent Judgment after entry by the Court.

**SO ORDERED** this 8th day of June, 2015

United States District Court Judge

**CONSENTED TO BY:**

DATED: ~~November~~ December 15 2014

STEPHEN A. ROTH, an individual

DATED: ~~November~~ December 15 2014

ANDREW A. WIEDERHORN, ~~an~~ individual

SUBMITTED BY:

/s/ Thomas R. Johnson
Thomas R. Johnson, OSB 010645
TRJohnson@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff Stephen A. Roth

# SETTLEMENT AGREEMENT

This agreement ("Agreement") is effective the ___ day of December, 2014, by and between the following parties:

STEPHEN A. ROTH ("Roth")

and

ANDREW A. WIEDERHORN ("Wiederhorn")

Steve A. Roth ("Roth") and Andrew A. Wiederhorn ("Wiederhorn") are hereinafter sometimes collectively referred to as "the Parties" and individually as a "Party."

## RECITALS:

A. On July 21, 2009, defendant Wiederhorn entered into a Share Purchase Agreement with Roth granting Roth a Put Option by which he could demand that Wiederhorn purchase up to 500,000 shares of Fog Cutter Capital Group Inc. ("Fog Cutter") stock for a per share price of $1.626 by July 21, 2011.

B. On January 21, 2011, Roth exercised the Put Option under the Share Purchase Agreement with respect to 100,000 shares of the Fog Cutter stock.

C. Subsequently, Wiederhorn paid the applicable Put Price to Roth as agreed per the Share Purchase Agreement.

D. On January 19, 2012, defendant Wiederhorn entered into a second agreement, First Amendment to Stock Purchase Agreement (the "Amendment"), which set forth the terms for the exercise of the Put Option for the remaining 400,000 shares under the original Share Purchase Agreement.

E. By the terms of this Amendment, Roth exercised his Put Option for the remaining Fog Cutter shares for a revised put price of $734,400, to accrue interest at a rate of 12% per annum until paid in full.

F. Wiederhorn was obliged under the Amendment to pay the Put Price and accrued interest to Roth according to the schedule set forth in the Amendment.

G. The Amendment also provides in section 4 that:

> Any payment not received by Buyer within 10 days of the due date shall be delinquent, and shall accrue interest at the rate of 16% per annum from the date of the original due date. When and while Seller is delinquent in any payment, Buyer shall have the right to accelerate all amounts due hereunder upon notice to Seller, at which time all amounts shall be immediately due and payable notwithstanding the amortization schedule set forth above in

Section 2, and all such amounts that are due shall accrue interest at the rate of 16% per annum until paid in full.

H. Despite demands, Wiederhorn did not pay Roth per the terms of the Amendment.

I. On or about August 29, 2014, Roth sued Wiederhorn in the United States District Court for the District of Oregon, case no. 3:14-cv-01391-HU, (the "Lawsuit"), alleging breach of contract for failure to pay Roth pursuant to the Amendment.

J. Wiederhorn has asserted that he does not wish to contest the Lawsuit, and has expressed his intention to make full payment under the terms of this Agreement.

K. Wiederhorn and Roth desire to settle all matters between them arising out of or related to the Lawsuit.

**<u>TERMS</u>**:

NOW, THEREFORE, in consideration of the representations, terms and conditions below, the sufficiency of which the Parties readily acknowledge and agree, the Parties agree as follows:

1. <u>Payment of Money to Roth</u>. Wiederhorn shall pay Roth the sum of eight hundred and thirty six thousand, nine hundred and nine dollars and twenty two cents ($836,909.22), which represents that amount due and owing under the Amendment as of November 26, 2014, as well as accrued interest at the rate of .15 percent per annum (the "Settlement Amount"). The Settlement Amount shall be made in three separate payments (the "Payments" or each a "Payment") as follows: $278,969.74 on or before January 1, 2015; $278,969.74 on or before April 1, 2015; and $278,969.74 on or before July 1, 2015 (the "Payment Dates"). All Payments shall be made by wire transfer payable to Stephen Roth per the wiring instructions in Exhibit B.

2. <u>Grace Period for Payments</u>. If the first Payment is not received on or before January 1, 2015, then Wiederhorn shall be in breach of this Agreement. The subsequent two payments will be considered timely if received within five business days of the corresponding Payment Date (the "Grace Period"). If payment is not received as of the end of the Grace Period for either of the second and third Payments, then Wiederhorn shall be in breach of this Agreement.

3. <u>Payment of Entire Amendment Amount in the Event of Default</u>. In the event of default under the terms of this Agreement, Wiederhorn will be liable for the total amount due and owing under the Amendment as of the date of the default.

4. <u>Release</u>. Each Party to this Agreement hereby releases and forever discharges the other Party from all claims, liens, obligations, suits, demands, damages or actions of any type or nature, whether arising in contract, quasi-contract, tort, or any other basis in law or

equity, whether known or unknown. The Parties do not intend the release contained in this section to release future claims, if any, for breach of this Agreement.

5. Consent Judgment. The Parties have agreed to the Stipulated Consent Judgment attached hereto as Exhibit A, which shall be signed by the Parties as of the execution of this Agreement. If all Payments are timely made, the Consent Judgment shall not be filed. If Wiederhorn fails timely to make any Payment in accordance with the terms of this Agreement, Roth will file the Consent Judgment in the United States District Court for the District of Oregon. Roth will provide notice to Wiederhorn that the Consent Judgment is to be filed two days prior to filing. As of the provision of such notice, however, Wiederhorn shall be considered to be in breach of this Agreement.

6. Dismissal of the Lawsuit if Payments are Made. If all Payments are timely made in accordance with the terms of this Agreement, Roth shall dismiss the Lawsuit with prejudice.

7. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Oregon.

8. Legal Representation. Each of the Parties acknowledge that they have been given the opportunity to seek independent legal advice with regard to their rights or asserted rights arising out of the matters in controversy between the parties, and also with regard to the advisability of making and executing this Agreement. The Parties agree that regardless of who prepared the Agreement, the Agreement and any ambiguity contained herein shall not be construed in favor of or against any of the Parties.

9. Attorney Fees. If either breaches any term of this Agreement, then the other affected Party shall be entitled to recover from the breaching Party all expenses of whatever form or nature, costs, and attorney fees reasonably incurred to enforce or execute upon the terms of the Agreement and/or the Consent Judgment, whether or not suit is filed, including such costs or fees as may be awarded in arbitration or bankruptcy proceedings or by a court at trial or on appeal.

10. No Reliance on Representations. It is the express intent of the Parties to settle and adjust this controversy, finally and forever, without regard to who may or may not be correct in any understanding of fact or law relating thereto. The Parties expressly assume the risk of any mistake of fact and of any facts proved to be other than or different from the facts now known to any of the Parties or believed by them to be true. The Parties acknowledge and agree that the release provided for in Paragraph 4 above shall include a release of all claims based upon or arising out of nondisclosure or misrepresentation. The Parties acknowledge they have not relied upon any statement or representation, oral or written, made by any of the other Parties as to the facts involved in this controversy or as to any of the rights of the Parties.

11. Non-Assignment of Claims. Each of the Parties represents and warrants that there has been no assignment, sale or transfer, by operation of the law or otherwise, of any

claim, right, cause of action, demand, obligation, liability or interest released by any of them as provided herein.

12. Counterparts. This Agreement may be executed simultaneously or in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same agreement. Signatures by facsimile will be binding as originals.

13. Complete Agreement. . This Agreement constitutes the final and complete agreement of the Parties with respect to the matters covered herein. This Agreement supersedes all prior written and oral understandings between the Parties and may be changed, modified, or amended only by written agreement signed by the Parties to this Agreement.

12. Each of the Parties hereby represents, warrants, and covenants that they each have the full power and authority to execute, deliver, and perform this Agreement.

THE PARTIES CERTIFY THAT THEY HAVE READ THIS AGREEMENT, UNDERSTAND IT, AND AGREE TO ITS TERMS.

| | |
|---|---|
| Stephen A. Roth | Andrew A. Wiederhorn |
| Date: ~~November~~ December 15, 2014 | Date: ~~November~~ December 15, 2014 |